# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF | § § § | |
| JASON LEE VAN DYKE (TX Bar No. 24057426) | § § § § | Cause No. 6:20mc009 |

## MOTION TO MODIFY RECIPROCAL DISCIPLINE ORDER

Jason Lee Van Dyke ("Respondent") moves for a modification of the reciprocal attorney discipline order in the above-numbered and styled cause. As grounds therefore, Respondent states as follows:

### I.   FACTS

1. Respondent is actively suspended from the practice of law in the State of Texas from May 1, 2020 until November 1, 2020. The remaining portion of the eighteen month suspension he received is probated pursuant to the terms of the disciplinary order.

2. On May 20, 2020, Respondent was served with a reciprocal discipline order from this Court which erroneously stated that Respondent was removed from the roll of attorneys admitted to practice in the State of Texas. The language of the reciprocal discipline order suggested that Respondent was disbarred in the State of Texas. This is not true. Provided that Respondent pays all attorney fees associated with the disciplinary proceeding as agreed in the disciplinary judgment, Respondent will once again be eligible to practice law in the State of Texas on November 1, 2020.

3. Respondent is presently in full compliance with all the terms of his partially probated suspension in Texas.

4. Respondent is not presently representing any clients before the U.S. District Court for

the Eastern District of Texas. However, Respondent is presently representing himself as a pro se Plaintiff in two matters pending before the Court as follows:

    a.    Case No. 4:18-cv-247; *Van Dyke v. Retzlaff*

    b.    Case No. 4:19-cv-786; *Van Dyke v. Shackleford*

## II.   GROUNDS

5. Respondent files this motion pursuant to Local Rule AT-2(b)(2)(B) on the basis that a substantially different sanction is warranted other than the sanction of disbarment that the reciprocal discipline order appears, on its face, to invoke. Specifically, Respondent would show that the appropriate level of discipline to be imposed by this Court is suspension until November 1, 2020.

6. There is ambiguity in the local rules concerning the type of discipline to be imposed under Local Rule AT-2 in the case of discipline against an attorney by another court. The rule states that "[e]xcept as otherwise provided in this subsection, a member of the bar of this court shall automatically lose his or her membership if he or she loses, either temporarily or permanently, the right to practice law before any state or federal court . . . ." However, the rule does not state that the attorney shall be disbarred and Local Rule AT-2 clearly contemplates than an attorney suspended in another jurisdiction will be suspended, rather than disbarred, in this Court.

7. Support for Respondent's interpretation of this rule can be found in Local Rule AT-2(f) which states in relevant part as follows:

> "Except for suspensions as reciprocal discipline pursuant to paragraph AT-2(b), any lawyer who is suspended by this court is automatically reinstated to practice at the end of the period of suspension, provided that the bar membership fee required by Local Rule AT-1(b)(3) has been paid. **Any lawyer who was suspended as reciprocal discipline pursuant to paragraph AT-2(b) may apply, in writing, at the end of the period of suspension imposed by this**

    **court**. In the application for reinstatement, the attorney shall advise the court of the status of the attorney's right to practice before the jurisdiction giving rise to reciprocal discipline in this court. The attorney shall also make a full disclosure of any disciplinary actions that may have occurred in other federal or state courts since the imposition of reciprocal discipline by this court . . ." (emphasis added)

8. When construed as a whole, the local rules clearly contemplate that an attorney may be suspended as reciprocal discipline under Local Rule AT-2(b) and that an attorney suspended under such rules is not necessarily subject to disbarment.

9. It would be grossly unfair in this case to summarily disbar Respondent from the practice of law before this Court, which would make him ineligible to reapply for a period of three years, rather than impose upon Respondent the same discipline he received in the proceedings before the State Bar of Texas. Respondent requests only that this Court impose the same discipline imposed by Texas.

### III.  PRAYER

10. Respondent prays that this Honorable Court set this disciplinary matter for a hearing as allowed by Local Rule AT-2(b)(3) if an oral hearing is deemed appropriate by this Court.

11. Respondent prays that this Honorable Court enter an order:

    (a) vacating the reciprocal attorney disciplinary order entered by the clerk on May 15, 2020; and

    (b) enter a reciprocal attorney disciplinary order clarifying the nature of Respondent's discipline in the State of Texas, imposing identical discipline in this Court, and providing Respondent a date certain upon which he will be eligible to apply for reinstatement.

Respectfully submitted,

/s/ Jason Lee Van Dyke
Jason L. Van Dyke
SBN: 24057426
PO Box 2618
Decatur, TX 76234
P – (940) 305-9242
Email:  jasonleevandyke@protonmail.com