IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF | § § § § § § | Case No. 6:20-mc-9-JDK |
| JASON LEE VAN DYKE | | |

**RESPONSE TO ORDER TO RESPOND**

In obedience to the order of this Honorable Court, Respondent hereby tenders the following response:

**I.   Disciplinary Actions**

1. The following are copies of all disciplinary actions which cause Respondent to lose the right to practice law before any state or federal court, either permanently or temporarily, and entered at any time after Respondent was first admitted to practice in the Eastern District of Texas:

    Exhibit 1      :   Commission for Lawyer Discipline v. Van Dyke
                       Cause No. 201707583
    Exhibit 1-A   :   Reciprocal Discipline from D.C. Bar
    Exhibit 1-B   :   Reciprocal Discipline from Colorado Bar (summary, original order misplaced)

    Exhibit 2      :   Commission for Lawyer Discipline v. Van Dyke
                       Cause No. CV20-02-85
    Exhibit 2-A   :   Reciprocal Discipline from Colorado Bar

2. In the interest of full disclosure to this Court, Respondent states that there are disciplinary actions based upon the same facts and circumstances contained in Exhibit "2" pending at this time. However, these actions have not been finalized and Respondent has not been given any particular timeframe for when they are expected to be resolved. Respondent recently received and responded to the correspondence from the Georgia Supreme Court

attached hereto as Exhibit "3" and received the correspondence attached hereto as Exhibit "4" from disciplinary counsel in the District of Columbia.

## II.   Disclosures to the Clerk

3. Respondent disclosed the matter referenced as Exhibit "1" to the Clerk of the Court by First Class U.S. Mail immediately after receiving a copy from his attorney. Although Respondent does not have copies of numerous documents due to a major hard drive crash which occurred during this time, he recalls doing so because the U.S. District Court for the Northern District of Texas had intended to impose reciprocal discipline based upon his disclosure to them at or around that time. A copy of that order is attached hereto as Exhibit "5". Discipline was not ultimately imposed upon Respondent in the Northern District of Texas and the case remains stayed. A copy of the order entered to that effect is attached hereto as Exhibit "6". Respondent received no correspondence from this court or from the other federal district courts to which he had sent a copy of Exhibit "1". Furthermore, Respondent has fully complied with the provisions of Exhibit "1" prohibiting him from practice in both state and federal courts during the term of suspension.

4. Respondent sent a copy of the document attached as Exhibit "2" to the Clerk of the Court by First Class U.S. Mail on or around May 4, 2020, which is the approximate date upon which he received it from his attorney. The reciprocal discipline, imposed for the same matter by the Colorado Supreme Court (Exhibit "B-2"), has not yet been tendered because the order does not become effective until June 19, 2020. Prior to receiving this Court's order, Respondent had intended to tender that order on that date. See Local Rule AT-2(b)(4).

### III.   Matters Not Timely Disclosed

5. Respondent acknowledges and admits his failure to timely disclose the orders attached as Exhibits "1-A" or "1-B" to the clerk. Respondent offers no excuse for this neglect in failing to timely disclose because Respondent believes that an attorney should always keep himself apprised of the rules of practice in every jurisdiction in which he is licensed. However, Respondent feels that this Court is entitled to an explanation for his neglect in this regard.

6. Respondent has been stalked in an ongoing manner by a particularly tenacious and vicious individual since March of 2017. Since that time, Respondent has slowly but steadily witnessed the complete destruction of a law practice and career that he worked hard to build from scratch. He has been alienated from his friends and family, been chronically unemployed, and forced to sell his home and begin living in a property purchased as a "stop-gap" by his father. Respondent has attempted numerous methods to stop the stalking: lawsuits have proven ineffective, pleas to law enforcement have fallen on deaf ears, and state bar disciplinary authorities have demonstrated that they do not care.

7. The stalking of Respondent has continued unabated since March of 2017 and the chronic stress and anxiety caused by the stalking seriously affected Respondent's mental health and well-being. This was only compounded when Respondent was accused of a misdemeanor that he did not commit. That misdemeanor is the subject of the discipline imposed by the orders attached as Exhibits 2 and 2-A.

8. Respondent voluntarily sought mental health counseling beginning in mid-to-late 2017 and continued with formal counseling, typically consisting of weekly in-person sessions,

from that time until October of 2019. At that time, Respondent was discharged from counseling and resolved to take charge of his own ongoing recovery by attending the confidential programs offered by the Lawyer's Assistance Program of the State Bar of Texas (such as "Lawyers Concerned for Lawyers") in his area. Respondent continued attending those programs until they were largely canceled due to the COVID-19 pandemic, but has continued seeing to his own recovery through therapeutic techniques that he learned about during his time in counseling. Respondent intends to return to in-person programs such as "Lawyers Concerned for Lawyers" when they resume.

9. Simply put, in period of Respondent's life that immediately followed the entry of the order attached as Exhibit "1" was an extraordinarily dark time during which Respondent felt as through he was completely alone and as if there was no hope for the future. After the initial discipline imposed by the State Bar of Texas, Respondent's focus shifted toward trying to reclaim some sense of meaningfulness in life. When the reciprocal discipline orders from Colorado and D.C. were received, Respondent simply put them "out of sight, out of mind" without first checking to determine whether further compliance by him was required after having received those orders.

10. While Respondent does not offer the problems of his personal life as an excuse, he is hopeful that this explanation will provide this Court with understanding of the personal challenges faced by Respondent during this period of his life, that it will accept Respondent's sincere apology for neglecting these matters, and that full disclosure will provide this Court some security in the knowledge that Respondent does not intend to repeat such errors in the future.

## IV.   PRAYER FOR RELIEF

11. Respondent prays that this Honorable Court enter an order granting Respondent's motion to modify the disciplinary order entered by the Clerk in this case.

> Respectfully submitted,
>
> /s/ Jason Lee Van Dyke
> Jason L. Van Dyke
> PO Box 2618
> Decatur, TX 76234
> P – (940) 305-9242
> E – jasonleevandyke@protonmail.com