**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS**

| | |
|---|---|
| IN THE MATTER OF § § § § § § § JASON LEE VAN DYKE § | Case No. 6:20-mc-9 |

**ORDER**

Before the Court is the disciplinary matter of attorney Jason Lee Van Dyke. Mr. Van Dyke seeks a modification of a May 15, 2020 Reciprocal Attorney Disciplinary Order issued by the Clerk of Court. As explained below, pursuant to Local Rule AT-2(b), the Court grants the motion and issues a new order of discipline identical to the discipline imposed by a state court.

## I.   Procedural Background

On April 30, 2020, the 271st District Court of Wise County, Texas, ordered disciplinary sanctions against Mr. Van Dyke for violating Texas Disciplinary Rules of Professional Conduct 8.04(a)(2) and 8.04(a)(3). Docket No. 4-4 at 1. The Wise County order imposed an eighteen-month suspension from the practice of law, which consists of a six-month active suspension followed by a twelve-month probated suspension. *Id.* at 2. The active suspension began on May 1, 2020, and will end on October 31, 2020—if Mr. Van Dyke complies with several conditions, including the payment of attorney's fees and expenses to the State Bar of Texas. *Id.* at 2–3. Upon timely satisfying these conditions, Mr. Van Dyke's probated suspension will begin on November 1, 2020, and end on October 31, 2021. If, however, Mr. Van Dyke fails to

1

comply with these conditions, then he "shall remain actively suspended until the date of compliance or until October 31, 2021, whichever occurs first." *Id.* at 3.

On May 15, 2020, the Eastern District of Texas Clerk of Court served Mr. Van Dyke with a Reciprocal Attorney Disciplinary Order removing him "from the roll of attorneys admitted to practice in this court" pursuant to Local Rule AT-2(b)(2)(A). Docket No. 1 at 1–2. Mr. Van Dyke timely moved to modify the Order, as permitted by Local Rule AT-2(b)(2)(B). Docket No. 2. In his motion, Mr. Van Dyke argues that the Reciprocal Attorney Disciplinary Order is not in fact "reciprocal" because it imposes a sanction of indefinite disbarment from practicing law in this District. *Id.* at 2. Mr. Van Dyke argues that a reciprocal punishment, *i.e.*, an identical suspension, is the proper disciplinary sanction in matters of reciprocal discipline. *Id.* To that end, Mr. Van Dyke asks the Court to vacate the Reciprocal Attorney Disciplinary Order and impose the same sanction imposed by the Wise County order. *Id.* at 3.

To better assess Mr. Van Dyke's request, the Court ordered Mr. Van Dyke to provide notice of all other disciplinary actions against him and the date he disclosed each to the Eastern District of Texas Clerk of Court, as required by Local Rule AT-2(b)(4). Docket No. 3. In response, Mr. Van Dyke notified the Court of two substantive sanctions against him: (1) a February 2019 suspension imposed by the District 14 Grievance Committee of the State Bar of Texas[1] and (2) the April 2020 Wise County order that initiated this action. Docket No. 4 at 1. Mr. Van Dyke also disclosed reciprocal disciplinary orders resulting from these two substantive

---

[1] The February 2019 sanction suspended Mr. Van Dyke from the practice of law for twelve months, beginning March 1, 2019, and ending February 29, 2020. Docket No. 4-1.

2

sanctions issued by the District of Columbia and Colorado bars and pending reciprocal disciplinary matters pending in Georgia and the District of Columbia. *Id.* at 1–2. Mr. Van Dyke claims that he timely notified the Eastern District Clerk of Court about both substantive disciplinary orders, but admits that he failed to properly disclose the 2019 reciprocal disciplinary orders from the District of Columbia and Colorado. *Id.* at 2–3.[2]

## II. Applicable Rules

Local Rule AT-2(b)(1) provides:

> Except as otherwise provided in this subsection, a member of the bar of this court shall automatically lose his or her membership if he or she loses, either temporarily or permanently, the right to practice law before any state or federal court for any reason other than nonpayment of dues, failure to meet continuing legal education requirements, or voluntary resignation unrelated to a disciplinary proceeding or problem.

Local Rule AT-2(b)(2) directs the Clerk to serve notice and an order "imposing identical discipline" upon the attorney when notified of disciplinary actions initiated in other courts. Local Rule AT-2(b)(4) also requires members of this bar to report to the Clerk any loss of right to practice law before any state or federal court within thirty days. "Absent excusable neglect, an attorney's failure to comply with this subsection shall waive that attorney's right to contest the imposition of reciprocal discipline." *Id.*

---

[2] Although Mr. Van Dyke claims to have disclosed to the Clerk the existence of the February 2019 sanction, the Clerk's Office has no record of receiving that notice. In any event, the Clerk never imposed the reciprocal discipline required by Local Rule AT-2(b)(1). Because the local rules provide a procedure by which the Clerk initiates that discipline, the Court will not address the February 2019 sanction here. *See* Local Rule AT-2(b)(2)(A).

3

### III.  Analysis

Mr. Van Dyke argues that the Reciprocal Attorney Disciplinary Order is inconsistent with Local Rule AT-2(b) because the Order imposes indefinite suspension; whereas, the Wise County order giving rise to the Reciprocal Attorney Disciplinary Order imposes only an eighteen-month suspension.  The Court agrees.

Local Rule AT-2(b)(1) does not expressly provide for identical, reciprocal discipline.  But Local Rule AT-2(b)(2)(A) does.  It states: "If it appears that there exists a ground for discipline set forth in paragraph (b)(1) above, the clerk shall serve a notice and order upon the attorney concerned . . . *imposing identical discipline* in this district."  LOCAL RULE AT-2(b)(2)(A) (emphasis added).  And the District has historically imposed "identical discipline" when it learns that a member of the bar has been suspended in another jurisdiction.  *See, e.g.*, *In re: Norman Silverman*, 4:19-mc-4-MAC, Docket No. 18 at 16–17 (discussing the conditions for imposing identical discipline in the District); *In re: Daphne L. Silverman*, 4:19-mc-5-MAC, Docket No. 18 at 4 (same).

The problem here is that the Reciprocal Attorney Disciplinary Order does not impose an identical, reciprocal sanction upon Mr. Van Dyke.  It states that Mr. Van Dyke "shall be removed from the roll of attorneys admitted to practice in this court," but does not provide a duration for the removal.  The Wise County order, in contrast, clearly imposes an eighteen-month suspension, which includes a six-month active suspension followed by a twelve-month probated suspension if Mr. Van Dyke complies with the stated conditions.  Docket No. 4-4 at 1-2.

Accordingly, the Court will vacate the Reciprocal Attorney Disciplinary Order and issue a revised disciplinary order as set forth below.

## IV.  Sanctions

Local Rule AT-2(b)(2) mandates that the Clerk "impos[e] identical discipline" if grounds for discipline in a state or federal court are brought to the Clerk's attention. Based on the facts presented, the Court finds that appropriate here.

Accordingly, the Court **GRANTS** Mr. Van Dyke's motion and **VACATES** the May 15, 2020 Reciprocal Attorney Discipline Order.

The Court hereby **ORDERS** the following sanctions against Jason Lee Van Dyke:  Mr. Van Dyke is suspended from practicing law in the Eastern District of Texas for eighteen months, beginning June 12, 2020, and ending December 12, 2021. Mr. Van Dyke shall be actively suspended from practicing law in this District for a period of six months, beginning June 12, 2020, and ending December 11, 2020. Mr. Van Dyke shall be under probated suspension beginning December 12, 2020, and ending December 12, 2021, provided he complies with the terms and conditions stated in the April 30, 2020 Wise County order. *See* Docket No. 4-4 at 2–3.  Failure to timely comply with those terms and conditions shall result in Mr. Van Dyke remaining actively suspended from practicing law in this District until the date of compliance or until December 12, 2021, whichever occurs first.

Pursuant to Local Rule AT-2(f), Mr. Van Dyke will not be automatically reinstated at the end of the suspension period, but he may apply, in writing, for reinstatement following his active suspension.  Accordingly, the Clerk of Court is **ORDERED** to remove Jason Lee Van Dyke from the roll of attorneys admitted to

practice in this District pending an application for reinstatement at the conclusion of his active suspension. Any such application before December 12, 2021, should include satisfactory evidence that Mr. Van Dyke has complied with the terms of the April 30, 2020 Wise County order.

The Court further advises Mr. Van Dyke that, pursuant to Local Rule AT-2(b)(4), he is required to notify the Clerk of Court within thirty days of any loss of right to practice law before any state or federal court, including reciprocal disciplinary orders. Failure to strictly abide by this rule may result in additional sanctions or denial of any application for reinstatement in this District.

Finally, the Court notes that Mr. Van Dyke is currently representing himself as a *pro se* plaintiff in two matters pending in this District: (1) Case No. 4:18-cv-247, *Van Dyke v. Retzlaff* and (2) Case No. 4:19-cv-786, *Van Dyke v. Shackleford*. Docket No. 2 at 2. Mr. Van Dyke may retain his existing ECF login solely for purposes of docketing filings in these two cases as a *pro se* litigant. Any other use of his existing ECF login may result in additional sanctions.

So **ORDERED** and **SIGNED** this **12th** day of **June, 2020.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE