IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| IN THE MATTER OF § <br> § <br> JASON LEE VAN DYKE § <br> § | Case No. 6:20-mc-9-JDK |

## MOTION TO STRIKE

Jason Lee Van Dyke ("Movant") files this motion to strike the letter filed by Thomas Christopher Retzlaff (ECF 8) in the above-referenced matter. As grounds therefore, Movant would show this Court as follows:

1. In his response to this Court's order to respond, Movant made referenced to being stalked by a particularly vicious and tenacious individual. ECF ¶ 6 – 10. Mr. Retzlaff is that individual. He has now continued his stalking behavior before this Court.

2. Mr. Retzlaff lacks standing to bring a motion to reconsider the Court's order in this matter under Local Rule AT-2.

3. The bulk of Mr. Retzlaff's letter contains material that is scandalous, and quite frankly, ridiculous. This includes, but is not limited to, his referring to Movant as a "piece of human garbage", as the "leader of a violent white supremacist gang", and the notion that Movant was involved in any kind of assassination plot.

4. Furthermore, Mr. Retzlaff's letter alleging that there was any finding of "just cause" to proceed with his latest grievances is a fraud upon this Court. The Board of Disciplinary Appeals does not make determinations of "just cause" that an attorney has engaged in professional misconduct; that role is reserved for (a) the Office of the Chief Disciplinary Counsel; or (b) a summary disposition panel. Tex. R. Discip. P. 2.12, 2.13.

5. The correspondence attached by Mr. Retzlaff to his correspondence indicated only that

the Board of Disciplinary Appeals reversed a prior decision by the Office of the Chief Disciplinary Counsel that Mr. Retzlaff's latest grievances should be dismissed as inquiries. See Tex. R. Discip. P. 2.10. The process merely related to the standard for determining whether Mr. Retzlaff's latest grievances constituted an inquiry or a complaint. *Id*. No further disciplinary action has been imposed against Movant based upon Mr. Retzlaff's latest frivolous grievances (his 16th and 17th, respectively, since December 20, 2017).

6. This Court should not permit Mr. Retzlaff to continue his stalking behavior in this proceeding. It should enter an order striking Mr. Retzlaff's filing as allowed by Rule 12(f) of the Federal Rules of Civil Procedure, or alternatively, pursuant to its inherent power to strike superfluous, scandalous, and improperly filed documents.

7. Movant prays that this Honorable Court enter an order striking Mr. Retzlaff's motion to reconsider (ECF 8), or alternatively, an order denying the same.

Respectfully submitted,

/s/ Jason Lee Van Dyke
Jason Lee Van Dyke
PO Box 2618
Decatur, TX 76234
P – (940) 305-9242
E – jasonleevandyke@protonmail.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was sent to Thomas Christopher Retzlaff by electronic mail to retzlaff@texas on June 22, 2020.

/s/ Jason Lee Van Dyke
JASON LEE VAN DYKE