**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| IN THE MATTER OF § | |
| § | Case No. 6:20-mc-9-JDK |
| JASON LEE VAN DYKE § | |
| § | |

**MOTION FOR PERMISSION TO USE CM/ECF ACCOUNT IN RELATED CASE
AND FOR CLARIFYING ORDER**

Jason Lee Van Dyke ("Movant") moves this Court for permission to utilized his CM/ECF account to represent himself as a pro se party in Case No. 4:20-mc-00091-ALM in this district. Plaintiff also seeks a clarifying order. As grounds therefore, Movant states as follows:

**I.  FACTS**

1. On June 12, 2020, this Court entered an order imposing reciprocal discipline on Respondent in this district. Under the terms of the Court's order, Movant was permitted to retain his CM/ECF account in this district for the purpose of representing himself as a pro se Plaintiff in two cases: 4:18-cv-247 and 4:19-cv-786. Movant also understood that he could utilize his CM/ECF login for the purpose of bringing various matters to the attention of the Court in this matter.

2. During that time, there has been a lengthy discovery dispute in 4:18-cv-247. The nature of the dispute is multiple deposition notices issued by the Defendant in that case to take the deposition of James McGibney in or around Austin, Texas. After moving to quash the subpoena in Case No. 4:18-cv-247, the motion was denied by Judge Mazzant on the basis that it should have been filed in Western District of Texas. Mr. McGibney proceeded to do so and the case was assigned Case No. 1:20-mc-657 in the U.S. District

    Court for the Western District of Texas.

3.   Movant, who has obeyed Local Rule AT-7(e) in that district, but has not been notified of any disciplinary proceedings in that district, filed a response in support of Mr. McGibney's motion in that district. Mr. Retzlaff, despite being represented by Mr. Jeffrey Dorrell, proceeded to file a number of immaterial, impertinent and scandalous letters concerning both Movant and Mr. McGibney in that proceeding. Mr. Retzlaff also attempted an "end run" around the scheduling order in the underlying case by causing a subpoenas to be issued for GoDaddy.com L.L.C. This resulted in Movant filing a motion to strike, a motion to quash, and ultimately, a motion for sanctions against Mr. Retzlaff. In the interest of full disclosure to this Court, a copy of *all* of Movant's filings in that case are attached as follows:

    Exhibit 1:    Response in Support of Motion to Quash

    Exhibit 2:    Motion to Strike

    Exhibit 3:    Motion to Quash Subpoena

    Exhibit 4:    Motion for Sanctions

    Exhibit 5:    Corrected Certificate of Service

4.   Although he has not been disciplined in that jurisdiction, these actions by Movant resulted in the entry of an order by Magistrate Judge Mark Lane which is attached hereto as Exhibit "6". Based upon the content of Section III of that order, Plaintiff immediately appealed it to the district judge. See Exhibit "7". On the same date that Magistrate Judge Lane entered this order, the case was transferred back to this district. It has been assigned Case No. 4:20-mc-00091 in this district.

## II.   ARGUMENT

5.     Movant has been prohibited from utilizing his ECF login in this district except for the purpose of litigating the cases reference in paragraph one above. However, he has not been granted permission to utilize his ECF login in this district for the purpose of participating in Case No. 4:20-mc-00091, which is directly related to 4:18-cv-247. Movant requests permission from this Court to utilize his existing ECF login for the purpose of participating in that proceeding.

6.     Movant was under the impression that this Court's order imposing reciprocal discipline applied to Movant's actions in this district. Movant apologizes to the Court if it did not intend for this to be the case. Movant fully intends to obey all orders of this Court and, if this Court intended to impose a blanket prohibition on Movant from utilizing his ECF login in other districts, Movant did not understand that to be the case. Movant understood this Court's order as applying to his ECF login in this district and, due to the confusion that was caused by this Court's order in the Western District of Texas, Movant requests that this Court enter a clarifying order.

## III.   PRAYER

7.     Movant prays that this Honorable Court enter an order permitting him to utilize his existing ECF login to participate in Case No. 4:20-mc-00091 in this district. Movant also asks for clarification as to the terms and conditions of the use of ECF by this Court to pro se filings in other districts.

Respectfully submitted,

/s/ Jason Lee Van Dyke
Jason Lee Van Dyke
PO Box 2618
Decatur, TX 76234
P – (940) 305-9242
E – jasonleevandyke@protonmail.com