# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF | § § § § § § § | Case No. 6:20-mc-9-JDK |
| JASON LEE VAN DYKE | | |

## ORDER

Before the Court is Jason Lee Van Dyke's motion for permission to use his ECF account in a related case and for a clarifying order (Docket No. 11). In his motion, Mr. Van Dyke requests permission to use his ECF login for Case No. 4:20-mc-00091-ALM and requests that the Court clarify its June 12, 2020 Order restricting his use of ECF. As explained below, the Court **GRANTS** the motion.

Case No. 4:20-mc-00091-ALM relates to a motion to quash a subpoena issued in one of Mr. Van Dyke's existing cases, *Van Dyke v. Retzlaff*, Case No. 4:18-cv-247. Accordingly, that subpoena is directly related to a case where the Court allowed Mr. Van Dyke to use his ECF account. The Court therefore **GRANTS** permission for Mr. Van Dyke to use his ECF login for purposes of docketing filings in Case No. 4:20-mc-00091- ALM as a *pro se* litigant.

Mr. Van Dyke also argues that the wording of the Court's June 12, 2020 Order was the subject of confusion before the U.S. District Court for the Western District of Texas and that a clarifying order is necessary to avoid the potential for any future confusion. *See* Docket No. 11-6 at 4–5. The Court's order imposing reciprocal discipline in the Eastern District of Texas and prohibiting Mr. Van Dyke from

1

utilizing his ECF login (except in his pending *pro se* cases) only applies in the Eastern District of Texas.  This Court's order was not, and is not, intended to affect any practice of law by Mr. Van Dyke outside the Eastern District of Texas—either as an attorney or *pro se* party.  However, Mr. Van Dyke is reminded that any failure to comply with his ethical obligations and the rules of practice in any jurisdiction may result in additional sanctions by this Court.

So **ORDERED** and **SIGNED** this **2nd** day of **July, 2020.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE