*Notice: **This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters.  Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.***

### DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 19-BG-485**

IN RE JASON LEE VAN DYKE

**2019 DDN 75**

A Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration. No. 1027245**

BEFORE:  Thompson and Beckwith, Associate Judges, and Nebeker, Senior Judge.

FILED 12/23/2021
District of Columbia
Court of Appeals
Julio Castillo
Clerk of Court

### O R D E R
(FILED – December 23, 2020)

On consideration of the certified order from the state of Texas suspending respondent from the practice of law in that state for eighteen months, all but six months suspended, and followed by twelve months of probation based on a criminal conviction; this court's November 18, 2020, order suspending respondent and directing him to show cause why reciprocal discipline should not be imposed; the response of respondent wherein he consents to reciprocal discipline; and the statement of Disciplinary Counsel regarding reciprocal discipline; it appearing that this matter began as an original bar disciplinary matter based on the criminal conviction and that this court referred the matter to the Board on Professional Responsibility on July 23, 2019, and the matter remains pending with the Board; and it further appearing that respondent previously filed his D.C. Bar R. XI, §14(g) affidavit,  it is

ORDERED that Jason Lee Van Dyke is hereby suspended from the practice of law in the District of Columbia for a period of eighteen months, *nunc pro tunc* to May 1, 2020, all but six months stayed, followed by a twelve-month period of probation subject to the conditions imposed by the state of Texas.  *See In re Sibley*,

990 A.2d 483 (D.C. 2010); *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (rebuttable presumption of identical reciprocal discipline applies to all cases in which the respondent does not participate).   It is

FURTHER ORDERED that the criminal matter referred to the Board on Professional Responsibility is dismissed as moot.


**PER CURIAM**